IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHANNON ALLEN**                                                                                      **PLAINTIFF**
**ADC #174406**

v.                                          Case No. 4:25-cv-00507-LPR-JJV

**HEATHER HOBBS**                                                                                      **DEFENDANT**

# ORDER

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 15). The PRD suggests the denial of Defendant Hobbs's Motion to Dismiss. No objections have been filed, and the time for doing so has expired. Nonetheless, the Court has conducted a *de novo* review of the PRD and has carefully considered the entire case record.[1] The Court adopts only some portions of the PRD. And the Court parts ways with the PRD as to the ultimate resolution of the Motion to Dismiss.

**The Court adopts Section I of the PRD in full except as follows**. First, to the extent the PRD now under review relies in any way on the Court's August 26, 2025 Order, the PRD should not have done so. In that August 26, 2025 Order, the Court went out of its way to explain that its Order "says nothing about whether the remaining claim is sufficient to withstand the pending motion to dismiss."[2] Second, as will be explained below, the Court does not agree that the Motion to Dismiss should be denied.

**The Court adopts Section II of the PRD in full except as follows**. The Court believes the PRD somewhat overstates what information outside the Complaint can be considered on a

---

[1] The Court conducts this *de novo* review in every case, regardless of whether there are objections or not. The Court understands that *de novo* review is not required where there are no objections. But the Court believes *de novo* review is the safer course.

[2] Order (Doc. 13) at 1 n.1.

Motion to Dismiss.  But this quibble has no practical implications for the case or the motion at bar.  So, there is no need to dwell on, or further develop, the point of disagreement.

**The Court adopts the first three paragraphs of Section III of the PRD in full except as follows**.  The PRD says that, to state a viable claim here, "the [C]omplaint must contain facts suggesting: (1) Plaintiff had an objectively serious need for dental care; and (2) the defendant subjectively knew of, but deliberately disregarded, that serious dental need."[3]  This is mostly correct.  The Court takes issue only with a single word: "suggesting."  And the Court's issue only arises if "suggesting" means "makes it possible that" as opposed to "makes it plausible that."  The Supreme Court has been very clear in cases like *Twombly* and *Iqbal* that we should be using a plausibility standard—not a possibility standard—when evaluating motions to dismiss.[4]  And pro se plaintiffs don't get a watered-down standard in this regard.  Even for them, the *Conley* no-set-of-facts standard (to which the PRD alludes) is the wrong standard after *Twombly* and *Iqbal*.

It is true that, under current precedent, "[a] *pro se* complaint must be liberally construed."[5]  But liberal construction is not a license to apply the old—and now discarded—standard from *Conley*.  Instead, "[w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernable, even though it is not pleaded with *legal nicety*, then the district court should construe the complaint in a way that permits the layperson's claim *to be considered within the proper legal framework*."[6]  Put another way, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations

---

[3] PRD (Doc. 15) at 2–3 (citations omitted).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[5] *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[6] *Id.* (emphases added) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

2

provide for relief on any possible [legal] theory."[7]  None of this, however, means that pro se plaintiffs are exempted from the requirement of setting forth facts that make plausible (as opposed to just possible) a legal violation of some sort.

Under the right formulation of the standard—the plausibility standard—the Complaint does not **currently** allege enough facts to pass muster.[8]  Consider first the objectively-serious-medical-need prong of the deliberate indifference claim.  The PRD says alleging "tooth decay, infection, and pain" is enough to survive a motion to dismiss because those things "could constitute an objectively serious medical need."[9]  But a mere possibility that there was an objectively serious need is not enough.  For the existence of the objectively serious need to be plausible (not just possible), a plaintiff must allege something more than this.  The relevant Eighth Circuit cases suggest that—in the absence of a diagnosis by a physician—a dental issue does not become an objectively serious medical need unless there is swelling, bleeding, pus, raised temperature, or pain serious enough to prevent normal functioning like sleeping or eating.[10]

The Complaint is also deficient with respect to the subjective-indifference prong of the deliberate indifference claim.  This is because the Complaint does not make clear how Nurse Hobbs was involved in the course of events described.  The Complaint says that "[e]ach time

---

[7] *Id.* at 848–49 (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).  This understanding of liberal construction makes eminent sense: a pro se plaintiff has the information to tell a court what factually happened but not the legal refinement to necessarily know what specific cause of action those facts support.

[8] The Complaint's references to negligence are not controlling.  As just explained, it is the historical facts alleged, and not the complaint's legal characterization of those facts, that matter when evaluating a pro se complaint.

[9] PRD (Doc. 15) at 3.

[10] *See* Def.'s Brief (Doc. 12) at 4 (collecting cases).  The Court will be granting Plaintiff the opportunity to amend his Complaint.  **In the new Complaint, Plaintiff should make more specific allegations related to his teeth regarding the level of decay, pain, and infection.  Was his face swollen?  Was he bleeding?  Was pus coming from his mouth?  Did he have a temperature or other signs of infection?  Could he not sleep, eat, or engage in other normal functions because of his problems with his teeth?  For how long and when did he have any of these symptoms or similarly serious symptoms?**

[Plaintiff] filed a medical request, [he] was told to place a sick call . . . ."[11] The Complaint says that Plaintiff "placed numerous sick calls stating [his] symptoms."[12] And the Complaint says that, after placing the sick calls, Plaintiff was "given Ibuprofen and Orajel, which only temporarily subsided the pain but essentially offered no remedy."[13] But the Complaint never alleges what part, if any, Nurse Hobbs specifically played in this sequence of events.[14] The only thing Plaintiff does say about Nure Hobbs is that, at some point, she told him "that[,] per policy[,] after the 3rd extension [he] would be sent to the provider to get [his tooth] extracted . . . ."[15] And it is entirely unclear what Plaintiff means by this.

Without any more details or clarity, we do not know what Nurse Hobbs is alleged to have known, done, or actively chosen not to do with respect to Plaintiff's teeth.[16] And, without such information, there is nothing to make to make it plausible that Nurse Hobbs was subjectively indifferent to Plaintiff's tooth problem.

***

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 11) is GRANTED IN

---

[11] Am. Compl. (Doc. 6) at 4.

[12] *Id*.

[13] *Id*.

[14] The PRD is likely predicated on the view that the Complaint sufficiently implies that Nurse Hobbs was the one receiving the medical requests, telling Plaintiff to place sick calls, and ordering the Ibuprofen or Orajel. The Court disagrees. In any event, the Court will be granting Plaintiff the opportunity to amend his Complaint. So, if the PRD's view is correct, Plaintiff will have a chance to say so in his new Complaint. **The new Complaint should include more detailed allegations concerning (1) what Nurse Hobbs knew about Plaintiff's teeth (and associated symptoms) and when, and (2) what she did and did not do with respect to Plaintiff's teeth each time (if any) that she saw Plaintiff or otherwise responded to his medical requests or sick calls.**

[15] Am. Compl. (Doc. 6) at 4.

[16] The Court acknowledges that the Complaint also asserts that: (1) Plaintiff is "being forced to place additional medical request[s] so that the jail and medical staff make a profit"; and (2) the defendants "refuse to extract [his] tooth because [he is] indigent." *Id*. at 4, 5. But these assertions are not well-pleaded facts. They are conclusory speculations that the Court need not accept as true. It would be one thing if the Complaint said that Nurse Hobbs (or anyone else) told him one or both of these things. But that is not how the Complaint currently reads. The Complaint currently reads as if these assertions are simply Plaintiff's speculation.

4

PART.  Dismissal is justified, but so is granting leave to amend.  There appears to be at last a fair chance that Plaintiff can fix all the above-identified problems.  Under Rule 15's standard, Plaintiff should be allowed to try to do so.  Any amended Complaint must be filed within 30 days of the date of this Order.  Plaintiff is cautioned that an amended Complaint entirely replaces and supersedes earlier iterations of the Complaint.  So, Plaintiff should include all the facts he wants to allege against Nurse Hobbs in the new Complaint that he files.  The Court will not consider any previous versions of the Complaint in evaluating the new Complaint.  The Clerk is directed to send Plaintiff a blank § 1983 Complaint Form.  If Plaintiff does not file an Amended Complaint in 30 days, the Court will issue a final judgment dismissing the case.

   IT IS SO ORDERED this 13th day of January 2026.

                 _____
                 LEE P. RUDOFSKY
                 UNITED STATES DISTRICT JUDGE